IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT F. HALLMAN, § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:19-CV-097-O |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Robert F. Hallman, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent.[1] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice on exhaustion grounds. No service has issued upon Respondent.

## **I. BACKGROUND**

On September 20, 2018, Petitioner was convicted in Tarrant County, Texas, Case No. 1548964R, on two counts of aggravated sexual assault of a child under 14 years of age, one count of sexual assault of a child under 17 years of age, and three counts of indecency with a child by contact and was sentenced to life imprisonment on each count. TDCJ's Offender Information Details, http://www.offender.tdcj.gov/OffenderSearch/offenderDetail.

---

[1] Petitioner filed two prior habeas petitions under 28 U.S.C. § 2241 in this Court as a pretrial detainee prior to his convictions. Pet., Hallman v. Waybourn, No. 4:18-CV-720-A, ECF No. 1; Pet., Hallman v. Waybourn, No. 4:17-CV-907-Y, ECF No. 1.

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas-corpus petition to be summarily dismissed.[2] The Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in the state courts before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1), (c)[3]; *Fisher v. Texas*,

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

[3]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
> (c) An applicant shall not be deemed to have exhausted the remedies

169 F.3d 295, 302 (5th Cir. 1999). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999); *Richardson v. Procunier,* 762 F.2d 429, 430-31 (5th Cir. 1985). Thus, a habeas-corpus petitioner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim(s) to the Texas Court of Criminal Appeals, the state's highest criminal court, in either a petition for discretionary review and/or a state habeas-corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In the instant petition, Petitioner raises four grounds for habeas relief, however from the face of the document, as well as public records, it is clear that Petitioner's direct appeal remains pending. Pet. 4, ECF No. 1; Texas Judicial Branch, Case Information, http:/www.search.txcourts.gov. Because the Texas Court of Criminal Appeals has not yet had a fair opportunity to consider the merits of the claims, the claims are unexhausted for purposes of federal habeas review, and any ruling from the federal court at this juncture would be premature. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001). Absent a showing that state remedies are inadequate or ineffective, such showing not having been demonstrated, Petitioner cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

Accordingly, dismissal of the petition for lack of exhaustion is warranted so that Petitioner can fully exhaust his state-court remedies as to his claims and then return to this Court, if he so

---

available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

desires, after exhaustion has been properly and fully accomplished.

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for failure to exhaust state-court remedies. A certificate of appealability is DENIED.

**SO ORDERED** on this 7th day of February, 2019.

_Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**